**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| United States Liability Insurance Company, | Case No. 2:24-cv-829-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Elijah Osama Mustafa, Osama Mustafa, and Lauren Chambers Tracy, | |
| Defendants. | |

Before the Court is Plaintiff's motion to stay the action pending resolution of two motions by Elijah Osama Mustafa in the underlying state court action (the "Underlying Action). (Dkt. No. 25). Defendants oppose Plaintiff's motion. (Dkt. Nos. 28, 29). Plaintiff replied. (Dkt. No. 30). For the reasons set forth below, the Court grants Plaintiff's motion.

I.    **Background**

Plaintiff seeks a declaratory judgment from this Court that it has no obligation to pay a state court judgment against Elijah Osama Mustafa, named as a Defendant here and in the Underlying Action, arising from a vehicular accident on August 16, 2016. (Dkt. No. 1). Mustafa moved the state court to (1) vacate the court's order granting state court plaintiff Lauren Chambers Tracy's motion to strike Mustafa's answer and the $4.2 million judgment against him; and (2) enter satisfaction of judgment based on a covenant not to execute entered into by the parties to the state court action. The Court of Common Pleas denied both motions following a hearing on January 27, 2025. (Dkt. Nos. 32-1, 32-2). Mustafa intends to move to reconsider and/or appeal the state court's decisions on the two motions. (Dkt. No. 32).

Plaintiff argues "the underlying court's decisions on the Motions are pivotal regarding whether the affirmative claims of USLI in this declaratory action need to proceed in the first

1

instance" because "if the court rules in the Underlying Action that the judgment is not enforceable then a coverage determination by this Court on USLI's affirmative claim appears unnecessary" but "if the court rules in the Underlying Action that Plaintiff must satisfy the judgment, then USLI's declaratory judgment action will be moot." (Dkt. No. 25, ¶ 4). Plaintiff urges the court to stay this action until the state court rules on any forthcoming motion for reconsideration or appeal by Mustafa. (Dkt. No. 32).

## II.    Discussion

The Court finds that granting a stay is warranted.  In considering whether a stay of a federal declaratory judgment action is appropriate pending resolution of related state court litigation, a district court should consider: "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts," "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending," "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law,'" and "whether the declaratory judgment action is being used merely as a device for 'procedural fencing.'"  *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994).

The state court has a strong interest in deciding foundational issues in a case that has been pending before it since May 2018.  (Dkt. No. 1-3).  Further, this Court may not decide upon the enforceability of the state court's judgement against Mustafa, the outcome of which could moot the issues before this Court. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").  Proceeding with this action prior to final

2

resolution of the motions in the Underlying Action will result in unnecessary entanglement with the state court action if this Court proceeds upon a factual basis that is later reconsidered by the state court. The Court does not consider procedural fencing to be a concern, as the case is properly before the Court based on diversity of citizenship among the parties and pursuant to the Federal Declaratory Judgment Act. 28 U.S.C. §§ 2201, 1332.

### III.    Conclusion

In light of the foregoing, the Court **STAYS** this action pending final judgment on any motion to reconsider or appeal filed in the Underlying Action. The Parties are **ORDERED** to file a status update every 60 days advising as to the status of the motions.

**AND IT IS SO ORDERED.**


_s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

February 5, 2025
Charleston, South Carolina